NEW-YORK,
May, 1819.

FOSGATE
v.
MAHON.

———◁※▷———

FOSGATE *against* MAHON, *Sheriff, &c.*

A creditor who has issued an attachment under the act *for relief against absconding and absent debtors.* (sess. 24 c. 49. 1 *N R.L.* 157.)may, at any time, before trustees are appointed, discontinue the proceedings, and receive satisfaction from the debtor: and if he receives the goods which have been levied on, in satisfaction of his debt, they become his property, and he may maintain an action for the seizure of them under a subsequent attachment at the suit of other creditors.

THIS was an action of *trover*, brought against the defendant, as sheriff of the county of *Herkimer*. The cause was tried before Mr. J. *Platt*, at the *Herkimer* circuit, in *June*, 1818.

An attachment was issued under the act, respecting absent and absconding debtors, on the 6th of *December*, 1816, against one *Andrew Clark*, at the instance of the plaintiff, for a debt of about 800 dollars. While the defendant's deputy was levying upon the goods of *A. Clark*, *William Clark*, who appears, from the testimony, to have had authority to arrange, and make a settlement of the debt, and who acted, on this occasion, as the agent of *A. Clark*, by agreement with the plaintiff, delivered to him the goods levied upon, in part satisfaction of the debt, and the plaintiff actually removed them to his own house. The deputy was, also, at the same time, directed by the plaintiff, and his attorney, to proceed no further in the execution of the attachment. On the 24th of *December*, another attachment was issued at the suit of other creditors of *A. Clark*, and the goods in question were levied upon by the same deputy who had executed the former attachment, and taken out of the possession of the plaintiff.

The judge charged the jury, that the plaintiff might legally, at that stage of the proceedings, suppress, or discontinue the attachment, as it was then a mere personal proceeding for his own benefit; that if they believed that the transaction was fair and *bona fide*, and that *W. Clark* had authority to make the arrangement, the property of the goods was vested in the plaintiff, and the defendant's deputy had no authority to seize them. The jury, accordingly, found a verdict for the plaintiff, which the defendant now moved to set aside.

*N. Williams*, for the defendant, contended, that the goods when siezed by the sheriff under the attachment, were in the custody of the law, for the benefit of all the creditors of the absconding debtor; and it was his duty, if the creditors requested it, to keep the goods. The statute ought, in this respect, to have a liberal construction; its object being to place all the creditors on an equal footing, and prevent an unjust preference being given by the insolvent debtor. That this is the policy of the act is manifest from its provisions. (1 *N. R. L.* 157. sess. 24. ch. 49. s. 5, 6. 10. 17 ) The act proceeds on the principle of the bankrupt law; (*Matter of M'Kinley*, 1 *Johns. Cases*, 137. *M'Lean* v. *Rankin & Heyer*, 3 *Johns. Rep.* 369.) and the cases decided under that law will show what ought to be the construction of the act, and, by analogy, how to apply the proper principle. (1 *Vesey, jun.* 158. 2 *Vesey, jun.* 67. 1 *Atk.* 67. 1 *Burr.* 20. 1 *P. Wms.* 92. 736. 1 *Wm. Bl.* 67, 68. 1 *Cook's Bank. Law*, 95, 97.) The individual creditor has no power to suppress or supersede the attachment, after the property of the debtor has been seized, without the consent of all the creditors.

*Ford*, contra. The proceeding under the statute, previous to the appointment of the trustees, is for the benefit of the individual creditor who sues out the attachment; and if the debt is paid or settled before trustees are appointed, the creditor may discontinue the proceedings; or the debtor may, on giving security to appear, and plead to the action of such creditor, obtain a *supersedeas* to the warrant of attachment. (*Act*, sess. 24. ch. 49. s. 7. 21.) If, then, the ab-

sent or absconding debtor may, through his agent, on giving bail or security, have all the proceedings superseded, why may not the warrant be superseded by a payment of the debt? The cases of *M'Kinley*, and *M'Lean* v. *Rankin*, are in favour of this construction of the act.

There is no analogy between the proceedings of this act and the bankrupt law of *England*, or the late bankrupt act of the *United States*. Before the appointment of trustees, no person, but the individual creditor who sues out the warrant, has any interest in, or control over, the proceedings. As the debtor, being beyond the reach of process, could not be arrested, there was no way for the creditor to compel a payment of his debt, but by attachment under this act.

*Williams*, in reply, said, that the creditor should have applied to a judge for a *supersedeas*, and not put the attachment in his pocket, or withdraw it from the sheriff, at his own pleasure, after having used it for his own benefit. Ought a single creditor to be allowed to raven up all the property of the debtor in this way?

SPENCER, Ch. J. delivered the opinion of the Court. This case depends entirely on the question, whether a creditor, who has procured an attachment to be issued under the act for giving relief against absconding and absent debtors, has a right, by his own act, to supersede it, or not.

The only cases which have occurred in this Court, giving a construction to the statute, on the question now raised, are those of *M'Kinley*, (1 *Johns. Cases*, 137.) and *M'Lean* v. *Rankin*, (3 *Johns. Rep.* 369.) neither of which expressly decide the point. As far as they go, they seem to take it for granted, that the creditor who sues out the attachment may supersede it; nor can we derive any light from the *English* bankrupt law, the provisions in the two systems being altogether dissimilar. The act itself must be resorted to, to furnish the construction. The attachment here was directed to be withdrawn, which was actually done, upon its being served, and before any return or other proceeding was had under it. It appears to me, that the 21st section of the act is decisive. It authorizes a *supersedeas*, if the debtor

shall, before the appointment of trustees, give such security as the Judge shall approve, to *the creditor at whose instance the warrant issued*, to appear and plead to any action to be brought within six months against him by such creditor, and to pay such sum as may be recovered in such action.

Evidently, this provision shows, that until trustees are appointed, the remedy belongs to the individual creditor who sued out the attachment, and that it was intended that he should gain a preference, if the debtor chose to give it. And why may not the debtor, if he has no defence, pay the debt, without a trial, and thus do directly, what the act authorizes circuitously? I perceive no solid objection to this, and none of the other provisions of the act affect the construction given to the 21st section.

It was admitted, that if the first attachment was out of the way, the second had no influence in the cause.

*Judgment for the plaintiff.*